## Hawks *v.* The State.

### *Murder.*

(Decided April 8, 1915. Rehearing denied May 20, 1915. 69 South. 113.)

*Homicide; Self-Defense; Right to Claim.*—The fact being that defendant, having eloped with the fourteen-year-old daughter of deceased, was pursued and overtaken by deceased, and deceased being armed and getting defendant into a close corner was killed by defendant, the defendant being without right to marry the daughter of deceased without his consent, forfeited any claim of justification on the ground of self-defense, because by eloping with her, he contributed to the situation out of which the necessity of taking human life arose.

APPEAL from Limestone Circuit Court.

Heard before Hon. A. H. ALSTON.

Dan Hawks was convicted of murder, and he appeals. Affirmed.

C. L. PRICE, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

SAYRE, J.—There are several assignments of error, but they all present but one question, and that is whether on the undisputed facts defendant's plea of self-defense was entitled to consideration of the court and jury. Defendant and the 14-year-old daughter of deceased had eloped together, their common story being that they were going to Tennessee to marry. They were

afoot, not making much progress, and on the third day deceased overtook them. Deceased was armed, and, when he pursued defendant into a close corner, defendant killed him. Defendant had no right to marry this daughter of deceased without the consent of her parents, and when he undertook to elope with her under the circumstances detailed he put himself in the wrong, thereby contributing to the situation out of which arose the necessity to take human life, and forfeiting any claim to complete justification or excuse on the ground of self-defense.—*Dabney v. State,* 113 Ala. 38, 21 South. 211, 59 Am. St. Rep. 92. We find nothing to the contrary in *Oliver v. State,* 17 Ala. 587, or the other cases to which we have been referred by counsel for appellant. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.